FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZACHARY PETER F., | No.   1:19-cv-03243-SMJ |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Zachary Peter F. appeals the Administrative Law Judge's (ALJ) denial of his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). He alleges that the ALJ improperly rejected specific (1) medical impairments, (2) provider opinions, and (3) subjective testimony. *See generally* ECF No. 11. The Commissioner of Social Security ("Commissioner") disagrees and asks the Court to affirm the ALJ's determination. ECF No. 21 at 18.

Today the Court decides, without oral argument, the parties' cross-motions for summary judgment. ECF Nos. 11, 21. After reviewing the administrative record, the parties' briefs, and the relevant legal authority, the Court is fully informed. For the reasons discussed below, the Court disagrees with Plaintiff and affirms.

## PROCEDURAL HISTORY[1]

Plaintiff applied for DIB and SSI benefits in December 2016, alleging his disability began, as a result of a car accident, in July 2016. AR 209–221.[2] The Commissioner initially denied his disability claims and request for reconsideration, so he sought a hearing. AR 134–137, 139–42, 143–44, 145–47 & 159–63. The ALJ conducted a hearing, found Plaintiff not disabled and entered an unfavorable decision denying his application for DIB and SSI benefits. AR 16–30, 37–69. Plaintiff appealed that decision, but the Appeals Council found that the reasons submitted did not provide a basis for changing the ALJ's decision. AR 5–10.

Plaintiff then sought review in this Court, leading to the instant cross-motions for summary judgment. ECF Nos. 1, 11 & 21.

## DISABILITY DETERMINATION

A "disability" is defined, for the purposes of receiving SSI and DBI benefits, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

---

[1] Because the parties have addressed the facts extensively in their cross-motions for summary judgment, the Court provides only a brief procedural summary here.

[2] For clarity, the Court will cite the relevant page numbers of the administrative record (AR), as paginated (Pages 1–971) by the clerk's office in ECF No. 8.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 2

of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The ALJ uses a five-step sequential evaluation process to determine whether a claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ considers the claimant's work activity, if any. 20 C.F.R. §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). If the claimant is doing any substantial gainful activity, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant is not doing any substantial gainful activity, the evaluation proceeds to step two.

At step two, the ALJ considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). If they do not have a severe medically determinable physical or mental impairment that meets the 12-month duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant does have a severe physical or mental impairment, the evaluation proceeds to step three.

At step three, the ALJ also considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If they have an impairment(s) that meets or equals one of the Social Security Administration's listings in appendix 1 of this subpart and meets the duration requirement, the ALJ will find the claimant disabled. *Id*.; 404 Subpt. P App. 1. If

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 3

their impairment(s) does not meet or equal a listed impairment, the evaluation proceeds to step four.

At step four, the ALJ considers the claimant's residual functional capacity and their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), 416.920(a)(4)(iv), (e). If they can still do their past relevant work, the ALJ will find the claimant not disabled and deny their claim. *Id*.; *see also* §§ 416.920(f), (h), 416.960(b). If they cannot, the evaluation proceeds to step five.

At the fifth and final step, the ALJ considers the claimant's residual functional capacity and their age, education, and work experience to see if they can adjust to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), (f), 416.920(a)(4)(v), (f). If they can adjust to other work, the ALJ will find the claimant not disabled and deny their claim. *Id*. If they cannot, the ALJ will find the claimant disabled and grant their claim. *Id*.; *see also* §§ 404.1520(g), (h), 404.1560(c).

The burden shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). If the claimant makes such a showing, the burden then shifts to the Commissioner to show work within the claimant's capabilities. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). To find a claimant disabled, their impairments must not only prevent them from doing their previous work, but also (considering their age, education, and work

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 4

experience) prevent them from doing any other substantial gainful work that exists

in the national economy. *Id*.; 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## ALJ FINDINGS

At step one, the ALJ found that Plaintiff had "not engaged in substantial

gainful activity since July 12, 2016, the alleged onset date." AR 22.

At step two, the ALJ found that Plaintiff had the following severe

impartments: "left ankle fracture and posttraumatic stress disorder (PTSD)." *Id*. The

ALJ noted that "[t]he claimant alleges that vision problems and headaches

contribute to his inability to work. However, I find that these impairments do not

cause more than minimal functional limitations and are not severe." *Id*.

At step three, the ALJ found that Plaintiff did "not have an impairment or

combination of impairments that meets or medically equals the severity of one of

the listed impartments." AR 22, 22–24.

At step four, the ALJ found that Plaintiff had

> the residual functional capacity to perform a full range of light work . .
> . with some additional limitations. The claimant can lift or carry up to
> 20 pounds occasionally and up to 10 pounds frequently; stand or walk
> for approximately six hours and sit for approximately six hours per
> eight-hour workday with normal breaks. He can occasionally climb
> ramps or stairs and never climb ladders, ropes or scaffolds. The
> claimant can frequently balance and stop and occasionally kneel,
> crouch, and crawl. He cannot work at unprotected heights. The claimant
> can perform simple routine tasks, in a routine work environment with
> simple work-related decisions. The claimant can have superficial
> interaction with co-workers and the public (meaning can work around

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 5

1
2
3

co-workers, ask routine questions, give directions and receive instruction but not perform jobs that require teamwork or team problem solving and not supervising other workers such a person can answer simple questions and provide basic services to the public but no provide problem-solving or engage in intense interpersonal interactions.

4    AR 24. It also found Plaintiff had no past relevant work. AR 29.

5    At step five, the ALJ considered Plaintiff's age, education, and work

6    experience and found "there are jobs that exist in significant numbers in the national

7    economy that the claimant can perform." *Id.*

8    ## STANDARD OF REVIEW

9    Reviewing courts must uphold an ALJ's disability determination if it applied

10    the proper legal standards and supported its decision with substantial evidence in

11    the record. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by*

12    *regulation on other grounds*. "Substantial evidence 'means such relevant evidence

13    as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1110

14    (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).

15    "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such

16    evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153

17    (2019). The ALJ must base its determination on "more than a mere scintilla" of

18    evidence, *id.* at 1154, but need not support its decision by a preponderance of the

19    evidence. *Molina*, 674 F.3d at 1111. If the evidence supports more than one rational

20    interpretation, and the ALJ has supported its decision with inferences drawn

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 6

reasonably from the record, the Court must uphold its decision. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Moreover, the Court will not reverse an ALJ's decision if it committed harmless error. *Molina*, 674 F.3d at 1111. The burden to show harmful error lies with the party challenging the ALJ's determination. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## ANALYSIS

**A.    Substantial Evidence Supports the ALJ's Findings on the Severity of Plaintiff's Impairments**

Plaintiff argues the ALJ improperly rejected his medical impairments, including asthma, headaches, and blurry vision. ECF No. 11 at 11–14. The Court disagrees.

At step two, the ALJ considers the medical severity of the claimant's impairment(s). The claimant "must have a severe impairment . . . or combination of impairments which significantly limits [their] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). "Basic work activities" refers to "abilities and aptitudes necessary to do most jobs," including, for example,

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 7

20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting SSR No. 96-3(p) (1996)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor–Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

Plaintiff first argues that the ALJ erred because it never explicitly considered his pulmonary issues throughout the sequential disability analysis, specifically his longstanding history of asthma. ECF No. 11 at 5–6. He claims that when triggered, his PTSD from the car accident aggravates his asthma thus limiting his ability to work. *Id.*

The medical record supports that Plaintiff has a past medical history of asthma. *See*, *e.g.*, AR 330, 388, 392, 404, 442, 447, 462, 474, 494, 499, 501 & 514. But none of these records address his asthma. *See id*. They simply reflect his self-reported past medical history. *See id*. These records do not diagnose him with asthma. *See id*. Nor do they recommend treatment or prescribe him medication for his asthma. *See id*. The records do not discuss the severity of his asthma nor whether the PTSD exacerbates his asthma thus limiting his ability to perform basic work activities.

Plaintiff also highlights records showing that he sustained pulmonary contusions (i.e., bruised lungs) and pulmonary lacerations (i.e., cut or torn lungs) as a result of the car accident. *See*, *e.g.*, AR 410, 454, 464, 507, 486, 625, 814, 870, 882, 883, 896 & 906. Yet those injuries healed. In October 2017, a chest x-ray revealed no ongoing pulmonary issues: "The lungs are clear." AR 762. Plaintiff concedes as much. ECF No. 11 at 5.

The claimant bears the burden of showing the "medically determinable physical or mental impairment . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); *see also Nelson v. Barnhart*, 41 F. App'x 927, 928 (9th Cir. 2002). The ALJ noted that "[o]ther symptoms and impairments are mentioned in the record from time to time, but they did not cause significant limitations in functioning, or did not last for a continuous period of 12 months." AR 22. Plaintiff failed to meet his burden; he did not show that the pulmonary issues complained of lasted longer than 12 months. The ALJ did not err when it declined to explicitly address these issues in its decision. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a[n] . . . analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary.").

Plaintiff next argues that the hypothetical questions posed to the vocational expert must set out all the claimant's limitations and restrictions, and a hypothetical

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 9

that fails to do so is defective. ECF No 11 at 6. He insists the hypothetical posed here was defective because it ignored his asthma. *Id*. But the ALJ did not find his asthma severe nor did it find it limited his ability to do *basic* work activities. *See*, *e.g.*, *Bayliss*, 427 F.3d at 1217 (concluding reliance on a vocational expert to be "proper" when "[t]he hypothetical that the ALJ posed to the [vocational expert] contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record"). The hypothetical included all the credible limitations supported by the medical record, so Plaintiff's argument fails.

As for the vision issues and headaches, the ALJ determined:

> At the hearing the claimant testified that he has ongoing problems with intermittent episodes of blurred vision in his left eye. He also testified that he has headaches frequently. He said that he needs to lie down a couple times per day due to the headaches. However, the objective medical finding[s] do not show that these symptoms have the limiting effects alleged by the claimant. Records from March 2017 show that the claimant has mild vision problems and was prescribed glasses (Ex. 9F, p. 3-4). He sought treatment in June 2017 for blurry vision and myopia and was urged to fill his glass prescription to improve his vision and headache symptoms (Ex. 12F, p.6). However, the claimant has not filled this prescription, which suggests that his symptoms are not as intense, persistent, or limiting as he alleges. In light of the mild objective findings and lack of treatment, I find that the claimant's vision and headache impairments are not severe.

AR 22.

Plaintiff argues the ALJ committed harmful error by discounting the alleged severity of his headaches and blurry vision. ECF No. 11 at 6–7. Relying on *Smolen*

*v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (noting "the step-two inquiry is a de minimis screening device to dispose of groundless claims"), he claims his symptoms more than meet the *de minimis* standard. *Id*. He maintains his failure to follow the prescribed course of treatment should not prevent this Court from finding the error harmful. *See id*.

Policy governing the failure to follow a prescribed course of treatment provides:

> An individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source which the Social Security Administration (SSA) determines can be expected to restore the individual's ability to work, cannot by virtue of such 'failure' be found to be under a disability.

SSR 82-59 (S.S.A. 1982) (rescinded and replaced by SSR 18-3 effective October 29, 2018)).[3] For this regulation to apply, the ALJ would first need to find the plaintiff disabled. *See id*. Assuming the ALJ found Plaintiff disabled, substantial evidence in the record does not support that the failure to follow the prescribed course of treatment was justified. *See id*. The evidence does not establish that Plaintiff's mild vision issues and headaches would prevent him from working, nor does it confirm that the blurry vision and headaches lasted for 12 continuous months

---

[3] The Court references the policy in effect when the ALJ rendered its decision: September 4, 2018. AR 30; *see also* SSR 18-3 n.1 ("When a Federal court reviews our final decision in a claim, we expect the court will review the final decision using the rules that were in effect at the time we issued the decision under review.").

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 11

from onset of disability. *See id*. Filling a glasses prescription would restore his capacity to work and likely alleviate his headaches. *See id*. Plaintiff also refused to follow the prescribed course of treatment, instead choosing his own methods of treatment—face washing with cold water and lying down. *See id*.; *see also* ECF No. 11 at 7. For these reasons, even if the ALJ erred, any such error was harmless because Plaintiff's failure to follow the prescribed course of treatment is not justifiable. *See id*.

More importantly, though, an impairment need not be symptom-free to be non-severe. Rather, a non-severe impairment is one that does not significantly affect a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1522, 416.922. The ALJ here applied the proper legal standards and supported its decision with substantial evidence in the record. *See Molina*, 674 F.3d at 1110. It made reasonable inferences supported by the record, and while reasonable minds might disagree on the severity of Plaintiff's asthma, headaches, and vision issues, the ALJ relied on substantial evidence to support its conclusion that Plaintiff did not have a "severe impairment . . . or combination of impairments which significantly limits [their] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Just because "the ALJ *could* have come to a different conclusion," does not mean the ALJ erred. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (emphasis in original). For these reasons, the Court finds no error

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 12

and Plaintiff's argument fails.

**B.     The ALJ Reasonably Weighed the Evidence and Resolved Conflicting Medical Provider Opinions**

Plaintiff next alleges that the ALJ erred by failing to appropriately evaluate almost every treatment provider's medical opinion, including Adam Hirschfeld, M.D., Aditya Yerrapragada, M.D., Jenifer Schultz, Ph.D., Derek Leinenbach, M.D., and Jennifer Gindt, A.R.N.P., as well as state agency sources Matthew Comrie, Psy.D., and John Gilbert, Ph.D. ECF No. 11 at 9–18. The Court disagrees.

The ALJ must evaluate and weigh opinion evidence for claims filed before March 27, 2017, using specific criteria. *See generally* 20 C.F.R. §§ 404.1527, 416.927. "When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). "Greater weight must be given to the opinion of treating physicians, and in the case of a conflict 'the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). But if a treating physician's opinion is conclusory, brief, unsupported by the record, or by objective medical findings, the ALJ may discount that opinion. *Id.* "In any event, the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 13

***The ALJ reasonably discounted Dr. Hirschfeld and Dr. Yerrapragada's opinion.*** Plaintiff directs the Court to two letters penned by Dr. Hirschfeld and Dr. Yerrapragada. ECF No. 11 at 9. Dr. Hirschfeld composed a letter that simply stated, "It is my medical opinion that [Plaintiff] should remain out of work until 1/1/2017. The patient has been under our care since his surgery on July 13, 2016." AR 483, 535. Dr. Yerrapragada similarly wrote a letter that stated, "It is my medical opinion that [Plaintiff] should remain out of work until 10/18/2017."

The ALJ gave these letters little weight:

> These temporary work restrictions have little probative value to the determination of the claimant's maximum residual functional capacity, and they are provided without explanation or objective support. Neither doctor provided specific limitations [n]or discussed how the claimant's surgical history prevents him from working. In short, these statements are brief, conclusory, and inadequately supported.

AR 28. Plaintiff argues even though the letters are conclusory, the ALJ had to evaluate those conclusions for consistency with the record. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (determining that even though the assessments relied on were of the check-box form, and contained almost no detail or explanation, the ALJ erred by overlooking the substantial medical evidence supporting the doctor's conclusions).

Plaintiff highlights specific records that support these doctors' conclusions. ECF No. 11 at 10–12. Yet the ALJ points to other records inconsistent with these

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 14

conclusions. *See* AR 58–59. "The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti*, 533 F.3d at 1041. That these opinions were conclusory, and inconsistent with the record taken as a whole, is enough to satisfy the standard. *See*, *e.g.*, *Batson*, 359 F.3d at 1195.

**The ALJ reasonably discounted Jenifer Schultz, Ph.D.'s opinion.** Dr. Schultz opined: "Claimant is able to reason and understand. Concentration is fair. He has limited social interactions and has not adapted well since the accident. Claimant should be able to work *if* he can receive treatment for PTSD." AR 74 (emphasis added). Plaintiff latches on to the conditional conjunction: "if." ECF No. 11 at 12. He claims whether he could perform basic work activities hinged on whether he received treatment for PTSD. *See id*. The Court disagrees.

The ALJ gave some weight to Dr. Schultz's findings: "Dr. Schultz's opinions are vague and do not provide a specific, function-by-function assessment of the claimant's abilities and limitations. Therefore, I find them less persuasive. However, Dr. Schultz's clinical examination findings, including mental status examination testing, have probative value as they objectively demonstrate the claimant's abilities." AR 28.

An ALJ may reject a medical opinion that includes "no specific assessment of [the claimant's] functional capacity" during the relevant period. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). An ALJ can also disregard a medical

report that does "not show how [a claimant's] symptoms translate into specific functional deficits which preclude work activity." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999); *see also Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (determining the ALJ properly rejected a medical opinion that failed to explain the extent or significance of a condition). Plaintiff does not specifically challenge the ALJ's reasons for discounting Dr. Schultz's opinion but asks the Court to reweigh the evidence. ECF No. 11 at 12. Substantial evidence supports this the ALJ's findings, and the Court will not reweigh the evidence. *See Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

***The ALJ reasonably discounted Derek Leinenbach, M.D.'s opinion.*** Dr. Leinenbach reviewed Plaintiff's medical records in November 2016 or about four months after the auto accident. AR 360. One question asked: "Are the severity and functional limitations supported by available medical evidence?" He checked the box: "No." *Id*. He provided his rationale as follows:

> The claimant had a left ankle/foot fracture in July, 2016, status post open reduction internal fixation. There is no medical evidence to suggest any complications related to this fracture. I recommend changing the postural restrictions (item 'b') and activities restrictions (item 'd') to significant (moderate) limitation. He should be able to lift 20 pounds maximum, lift/carry 10 pounds frequently, stand 6 hours, and sit for prolonged periods. Work level can be raised to 'light'.

AR 360. When asked whether the duration and number of months reflect the available medical evidence, he again checked the box, "No," and determined the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 16

medical record supports the physical impairment to last about three months. *Id*. He

again reasoned: "The claimant had a left ankle/foot fracture in July, 2016, status

post open reduction internal fixation. There is no medical evidence to suggest any

complications related to this fracture. It is reasonable that he should be able to return

to normal activities within the next 3 months." *Id*.

The ALJ determined Dr. Leinenbach's conclusions were consistent with

medical record but found other assessments inconsistent. AR 28. Specifically, "the

marked limitations assessed by Dr. Leinenbach are given little weight, as they are

inconsistent with the objective findings in the record. This indicates that the

limitations are temporary, while the record indicates they are ongoing." *Id*. The ALJ

thus gave the "assessment some wight, but not great weight." *Id*.

Plaintiff argues the ALJ erred by misstating and misreading Dr. Leinenbach's

opinion. ECF No. 11 at 13–14. The Court disagrees. Plaintiff again asks the Court

to essentially reweigh the medical evidence. But the Court will not reweigh the

medical evidence or sit as a supplementary factfinder on appeal. *See Sorenson*, 514

F.2d at 1119 n.10. Plaintiff's argument thus fails.

***The ALJ reasonably discounted Jennifer Gindt, A.R.N.P.'s opinion***. In

performing a physical functional evaluation, Nurse Gindt noted Plaintiff "has

moderate limitations in (L) ankle, but no limitations with sitting, only with

standing/walking. Psych [sic] limitation to driving/traffic outside." AR 912. She

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 17

noted his PTSD symptoms as mild and his ankle fracture as moderate. *Id*. She thus opined Plaintiff was limited to sedentary work, defined as "[a]ble to lift 10 pounds maximum and frequently** or carry lightweight articles. Able to walk or stand for brief periods." *Id*. at 913.

The ALJ gave her opinions "little weight." AR 28. It determined:

> This opinion is insufficiently supported by her examination findings, which included limited left ankle range of motion, but were otherwise normal with normal lower extremity strength, normal sensation, and no edema. Furthermore, the sedentary residual function capacity assessed by Ms. Gindt is inconsistent with the record as a whole, which shows some limitations attributable to his left ankle injury but otherwise indicates that the claimant's physical functioning is intact.

*Id*. (record citations omitted). The ALJ reasoned, "Ms. Gindt's assessment is not supported by examinations findings, are inconsistent with the record as a whole, and do not reflect his fully-healed, baseline functioning." *Id*.

Plaintiff argues the ALJ erred because Nurse Gindt's opinions conflict with the conclusion at step-5 of the sequential analysis—Nurse Gindt opined Plaintiff was limited to sedentary work, yet all the jobs identified at step 5 are light work jobs. ECF No. 11 at 14–17. The Court disagrees.

The regulations provide for the consideration of opinions from "other sources," including nurse-practitioners, physician's assistants or therapists. 20 C.F.R. §§ 404.1527(f), 416.927(f); SSR 06-03p. Still, "other sources" are not entitled to deference. *See* § 404.1527; SSR 06-03p. "The ALJ may discount

testimony from these 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.'" *Molina*, 674 F.3d at 1111 (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

The ALJ here reasoned Nurse Gindt's conclusions on sedentary work were undermined by her own examination findings, as well as inconsistent with the record. AR 28. The Court finds the ALJ reasonably discounted Anderson's opinion and gave germane reasons for doing so. *See*, *e.g.*, *Molina*, 674 F.3d at 1111. As a result, the Court finds Plaintiff's argument unpersuasive.

***The ALJ reasonably weighed Matthew Comrie, Psy.D. and John Gilbert, Ph.D.'s opinions.*** The ALJ determined:

> Dr. Comrie and Dr. Gilbert reviewed the record and opined that the claimant can perform simple, routine tasks, engage in superficial interactions with the public and co-works [sic], and complete a normal workday and workweek. These opinions are consistent with the record evidence, including observation of treatment providers and the claimant's limited course of treatment. Therefore, these assessments are given significant weight.

AR 27 (record citations omitted).

Relying on *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996), Plaintiff argues opinions of examining physicians are entitled to greater weight than those of non-examining physicians. ECF No 11 at 17–18. He also points to *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), determining "[a]lthough the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 19

reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record."

Despite this precedent, "[f]indings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as *expert opinion evidence* of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review." SSR 96-6P (emphasis added).[4] Thus, ALJs "may not ignore these opinions and must explain the weight given to the opinions in their decisions." *Id*.

As a result, the ALJ here did not err because it had to consider these opinions and explain the weight given. *See id*. The ALJ considered these opinions and gave them "significant weight" because they were "consistent with the record evidence, including observation of treatment providers." AR 27 (providing citations to the medical record). The ALJ thus provided "'specific and legitimate reasons'" and supported those reasons with "'substantial evidence in the record.'" *See*

---

[4] Social Security Rulings are "are binding on all components of the Social Security Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1); *see also Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 692 n.2 (9th Cir. 1999); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 20

*Tonapetyan*, 242 F.3d at 1148 (quoting *Lester*, 81 F.3d at 830)); *see also* AR 27 (citing administrative record for support). Plaintiff's argument thus fails.

**C.      The ALJ Reasonably Discounted Plaintiff's Subjective Testimony on the Severity of His Symptoms**

Plaintiff finally contends the ALJ improperly rejected certain subjective testimony. ECF No. 11 at 18–21. The Court disagrees.

When evaluating a claimant's credibility on subjective testimony involving pain or symptoms, the ALJ performs a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The ALJ first determines whether "'objective medical evidence [exists] of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If the claimant has presented such evidence, and no evidence of malingering exists, the ALJ must next give "'specific, clear and convincing reasons'" to reject the claimant's testimony on the severity of their symptoms. *Id.* (quoting *Lingenfelter*, 504 F.3d at 1036).

That said, the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 21

> The ALJ may consider many factors in weighing a claimant's credibility, including '(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.'

*Tommasetti*, 533 F.3d at 1039 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). The ALJ may also "consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct," among other things. *Molina*, 674 F.3d at 1112.

Plaintiff first disputes the ALJ's findings on the subjective severity of his physical impairments. ECF No. 11 at 18. Plaintiff "testified that he has numbness in his left lower extremity and must elevate his leg periodically." AR 26. He challenges the finding that "the record does not document an ongoing need to elevate his leg." *Id.*

Plaintiff's accident occurred in July 2016. About four months later, in November, Dr. John Zambito prescribed rest, ice, and elevation. AR 567. In October 2017, Nurse Gindt's patient plan still included rest, ice, compression, and elevation. AR 937. Even so, the ALJ provided specific, clear and convincing reasons to discount the claimant's testimony about the ongoing need to elevate his leg. AR 57. By May 2018, Jeff Jacobs, M.D. noted Plaintiff's gait (i.e., the way a person walks) and station (i.e., the way a person stands) as normal. AR 993. The

ALJ relied on this objective evidence: "The record does not contain findings consistent with the claimant's allegations of ongoing gait problems or a need to elevate his leg throughout the day." AR 26. The Court thus finds no error.

Plaintiff challenges the finding that his ankle fracture "continued to heal." Yet Plaintiff does not really contest the ALJ's view of his subjective testimony; he instead invites the Court to reweigh the evidence. ECF No. 19–20. As stated above, the Court will not reweigh the medical evidence or sit as a supplementary factfinder on appeal. *See Sorenson*, 514 F.2d at 1119 n.10. Plaintiff's argument thus fails.

Plaintiff next opposes the ALJ's view of his PTSD symptoms. AR 20–21. He claims the ALJ failed to identify a contradiction between his testimony and his allegations. *Id*. at 20. On the contrary, the ALJ did note a contradiction:

> [I]n August 2016 the claimant denied problems with concentration, interacting with others, or other psychiatric symptoms. He reported receiving support from his church. An examination found appropriate mood and affect, normal memory, appropriate behavior, normal attention span and concentration (Ex. 2F, p. 132-133). The claimant denied psychiatric symptoms again in March 2017. An examination found appropriate mood and affect, full orientation, and alert mental status (Ex. 9F, p. 3). These reports contradict his allegations of debilitating symptoms.

AR 26. Plaintiff yet again asks the Court to reweigh the evidence. ECF No. 20–21. The Court will not. *See Sorenson*, 514 F.2d at 1119 n.10. Plaintiff's argument thus fails.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 23

Plaintiff finally disputes the ALJ's findings about his lack of work history. ECF No. 11. Here, the ALJ noted: "the claimant reported that he stopped working in March 2015 for reasons unrelated to alleged disability. This limited work history indicates that the claimant's impairments are not the primary cause of his lack of work, and instead suggests that he has chosen to avoid work." AR 27 (record citations omitted). The Court finds the ALJ provided sufficient reasons to discount his testimony on his inability to work. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (rejecting claimant's contention that the ALJ's reference to her work history was improper because it found her "limited work history also detracts from the credibility of her subjective allegations."); *see also Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). This argument likewise fails.

Though the ALJ's view of Plaintiff's subjective testimony may not be the *only* reasonable one, it *is* still reasonable. And it is not this Court's job "to second-guess it." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The Court therefore finds the ALJ did not err.

//

//

//

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 24

For the reasons discussed above, **IT IS HEREBY ORDERED**:

1.    Plaintiff Zachary Peter F.'s Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

2.    The Commissioner's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.

3.    The Clerk's Office shall **ENTER JUDGMENT** for the **DEFENDANT** and **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office shall enter this Order and provide copies to all counsel.

**DATED** this 21st day of September 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 25